No. 37,962

CARL L. ZELLER and FLOYD F. SEARS, a Copartnership doing business as ZELLER COMPANY, *Plaintiffs*, v. J. W. SMYTH (Defendant-Cross Petitioner), *Appellee*, and EARL FROST (Defendant), *Appellant*.

(223 P. 2d 737)

Opinion filed November 10, 1950.

*Donald R. Newkirk*, of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Paul R. Kitch*, and *Dale M. Stucky*, all of Wichita, were with him on the briefs for the appellant.

*Arnold C. Todd*, of Wichita, argued the cause, and *D. Emmett Foley*, of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This action arose from the collision of two automobiles in the intersection of George Washington Boulevard, an east and west street, and Indianapolis Avenue, a north and south street, in Wichita, where normally there was a stop sign on Indianapolis Avenue as it approached George Washington Boulevard from the north, which plaintiff alleged had been removed and not replaced by the defendant Frost. Plaintiff, driving east on George Washington Boulevard, sued Smyth, who was driving south on Indianapolis Avenue, for damages to his car and personal injuries as a result of the collision of the two cars in the intersection, and joined Frost as defendant, alleging that the negligence of the two of them resulted in his injury. Smyth filed an answer denying the acts of negligence alleged by plaintiff and alleging contributory negligence of plaintiff. He also filed a cross petition against both the plaintiff and Frost, in which he

alleged that the negligence of Frost was the sole cause of the collision and resulting damages. Frost demurred to the cross petition. This demurrer was overruled and he has appealed. In his brief it is argued that even though he were negligent in taking down the stop sign the same could not have been the proximate cause of the collision.

We have examined the pleadings and find they contain numerous charges, counter-charges and denials. We think we should not attempt to determine the proximate cause of the collision in advance of the trial.

The judgment of the trial court is affirmed.

Wertz, J., not participating.